UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael L. Griffin, Sr., | File No. 25-cv-1963 (ECT/ECW) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| City of Minneapolis, | |
| Defendant. | |

---

Michael L. Griffin, Sr., *pro se*.

Mark S. Enslin, Minneapolis City Attorney's Office, Minneapolis, MN, for Defendant City of Minneapolis.

*Pro se* Plaintiff Michael L. Griffin, Sr. filed this lawsuit in Minnesota state court against his former employer, Defendant City of Minneapolis. In his original Complaint, Mr. Griffin asserted claims under "federal and state employment laws" for wrongful termination, race discrimination, and retaliation for engaging in a protected activity. St. Ct. Compl. [ECF No. 1-1] at 3, 10–11. On April 3, 2025, Mr. Griffin delivered a copy of his original Complaint to an unnamed employee at the Minneapolis City Attorney's Office. *See* Griffin Decl. [ECF No. 11] ¶ 2. The City timely removed the lawsuit to this Court and moved to dismiss it under Federal Rule of Civil Procedure 12. ECF No. 3; ECF No. 27 at 2–4. Mr. Griffin responded to the City's Rule 12 motion by filing an Amended Complaint asserting claims under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq.*, a whistleblower claim under Minn. Stat. § 181.932, and a claim for wrongful

termination in violation of public policy. Am. Compl. [ECF No. 5] ¶¶ 14–29. Mr. Griffin also moved to remand the case to state court. ECF No. 7. The City responded by moving to dismiss Mr. Griffin's Amended Complaint under Rule 12 for lack of personal and subject-matter jurisdiction, for insufficient process, and for insufficient service of process. ECF No. 44. The City's motion will be granted because Mr. Griffin failed to serve the City.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

A defendant may move to dismiss a complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction." *Disability Support All. v. Billman*, No. 15-cv-3649 (JRT/SER), 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (citation omitted). To survive a motion to dismiss for insufficient service, a plaintiff must identify "sufficient facts to support a reasonable inference that the defendant" was properly served. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (citation omitted).

When a case is removed to federal court and the pre-removal, state-court service of process is challenged, the federal court must determine the sufficiency of service based on the state law of the jurisdiction in which the case was filed—here, Minnesota. *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015); *see also Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003). The Minnesota Rules of Civil Procedure require service "[t]o the chief executive officer or to the clerk of a defendant city." Minn. R. Civ. P. 4.03(e)(2). "Statutory provisions for service of notice must be strictly followed in order for a court to acquire jurisdiction." *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 477 (Minn. 2013). Further, the Minnesota Supreme Court has clarified that "Rule 4.03 mandates strict compliance with its terms." *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 609–10 (Minn. 2016) (Stras, J.) (explaining that the statement regarding "substantial compliance" with Rule 4.03 in *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988), "was largely descriptive, not prescriptive").

Here, Mr. Griffin did not serve his original Complaint in compliance with Minnesota law. He concedes that Minn. R. Civ. P. 4.03(e) required service to have been executed on the Mayor as the City's "chief executive officer" or to the City Clerk, Griffin Decl. ¶ 4, but asserts that serving an unnamed individual at the City Attorney's Office is sufficient because he is *pro se* and the City has actual notice of the lawsuit, ECF No. 51 at 4–5, 11. Mr. Griffin provides no authority to support this argument, and the argument is at odds with Minnesota law.

While mindful of the fact that Mr. Griffin, "as a *pro se* litigant . . . is entitled to certain leniencies in the prosecution of his case," *Semler v. Klang*, 603 F. Supp. 2d 1211,

3

1227 (D. Minn. 2009), and that he may "not fully appreciate the procedural requirements of bringing a lawsuit," *Hinz v. Wash. Mut. Home Loans*, No. 03-cv-3203 (DWF/JGL), 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004), the requirements of proper service under Minnesota law cannot be ignored, *see Redding v. Hanlon*, No. 06-cv-4575 (DWF/RLE), 2008 WL 762078, at *7 (D. Minn. Mar. 19, 2008) ("[Plaintiff]'s status as a *pro se* litigant, along with his good faith attempt to comply with the Rules, will not excuse him from adhering to the procedural requirements for service of process."). "Service of process in a manner not authorized by the rule is ineffective service," *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997), and "it is irrelevant whether the intended recipient receives actual notice of the action," *Jaeger*, 884 N.W.2d at 609. Under Minnesota law, service of the state court complaint was ineffective.

Service of the Amended Complaint was also defective. Mr. Griffin argues that service of the Amended Complaint was sufficient under Federal Rule of Civil Procedure 5(b)(2)(E) because the City's counsel has electronic filing access and Mr. Griffin mailed a copy of the Amended Complaint to him. ECF No. 51 at 6. However, because no prior complaint was properly served, Rule 4 governs service of Mr. Griffin's Amended Complaint. *See* Fed. R. Civ. P. 4; *Printed Media Servs.*, 11 F.3d at 843 (holding that where plaintiff failed to properly serve its original complaint, mailing a copy of the amended complaint to defendant was insufficient). Mr. Griffin does not claim to have attempted service of the Amended Complaint in a manner compliant with Rule 4. Mr. Griffin has not met his burden of showing *prima facie* evidence that service of process was sufficient.

This disposition moots Mr. Griffin's remand motion. For all practical purposes, though, this decision gives Mr. Griffin a comparable result. He may commence a new action in Minnesota state court if he desires. Nothing in this decision is intended to deprive Mr. Griffin of his ability to do that.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant City of Minneapolis's Motion to Dismiss the original Complaint [ECF No. 3] is **GRANTED** for insufficient service of process.

2. Defendant City of Minneapolis's Motion to Dismiss the First Amended Complaint [ECF No. 44] is **GRANTED** for insufficient service of process.

3. Plaintiff Michael L. Griffin, Sr.'s Motion to Remand [ECF No. 7] is **DENIED AS MOOT**.

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 1, 2025　　　　　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　United States District Court